**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| S. CROW COLLATERAL CORP., an Idaho corporation,<br><br>    Petitioner-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent-Appellee. | No.    18-35492<br><br>DC No. 1:17-MC-09828-EJL<br><br><br><br>MEMORANDUM* |
| STANLEY D. CROW,<br><br>    Petitioner-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent-Appellee. | No.    18-35497<br><br>DC No. 1:17-MC-09829-EJL |

Appeals from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted June 13, 2019

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Anchorage, Alaska

Before:      TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

The Internal Revenue Service ("IRS") is currently investigating whether Stanley D. Crow ("Crow") violated the law by promoting abusive tax schemes.. As a part of its investigation, the IRS issued a summons to Pioneer Title Co., a third party, to produce records relevant to the real estate purchases of Crow's company, S. Crow Collateral Corp. ("SCCC"). Crow and SCCC (together, "petitioners") contend that the IRS issued the summons for an improper purpose: that is, the IRS is not interested in investigating petitioners but is instead only interested in obtaining the names of SCCC's counterparties in order to audit those taxpayers. The district court denied petitioners' attempt to quash the summons, and also granted the IRS' motions to dismiss and enforce the summons without giving petitioners an opportunity to cross-examine IRS agents at an evidentiary hearing. On appeal, petitioners ask that we remand with instructions to the district court to conduct an evidentiary hearing at which petitioners can cross-examine the IRS agents. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Typically, we "review[] for abuse of discretion a trial court's decision to order—or not—the questioning of IRS agents." *United States v. Clarke*, 573 U.S. 248, 255–56 (2014). But the district court's decision "is entitled to deference only

2

if based on the correct legal standard." *Id.* at 256. Here, we must decide "whether the district court asked and answered the relevant question," that is, "whether the [petitioners] pointed to specific facts or circumstances plausibly raising an inference of improper motive." *Id.*

Although the district court recited the correct legal standard for whether or not to hold an evidentiary hearing, it is not clear from the language of the order that the district court applied the correct legal standard of "specific facts or circumstances plausibly raising an inference of improper motive." *Id.* For instance, the district court's comments suggest that it may have erroneously required petitioners to meet a higher burden of persuasion; the district court declared it was "more persuaded on this record" that the summons had a legitimate purpose and stated it was "not convinced that the IRS' investigation of Crow is pretextual."[1] Because it is not completely clear from the district court's order that it applied the correct standard, we will review de novo rather than for an abuse of discretion.

Even when reviewed de novo, petitioners do not raise specific facts or circumstances plausibly raising an inference of bad faith such that an evidentiary

---

[1] The district court "adopted in its entirety" the magistrate judge's Report and Recommendation, including the quoted language.

hearing is necessary.  Here, in order to meet their burden under their theory of the case, petitioners must point to specific facts and circumstances that raise a plausible inference that the IRS' investigation of Crow and SCCC was *totally pretextual*, not just that the IRS was *also* investigating the tax liability of SCCC's counterparties.  Petitioners do not meet this burden.

The IRS' investigation into Crow's civil liability focuses on whether Crow is "liable for penalties under 26 U.S.C. § 6700 for promoting abusive transactions." In order to conduct that investigation, the IRS would, of course, want to learn to whom Crow promoted these allegedly abusive transactions.  As a result, the IRS' repeated demands for a list of SCCC's counterparties does not create a plausible inference that the IRS was not interested whatsoever in Crow's civil liability.

The circumstances surrounding the demands for the list of counterparties also do not create a plausible inference that the IRS was acting in bad faith. Petitioners argue that IRS Agent Blake London and the IRS were "apparent[ly] willing[] to forego obtaining any other information from Mr. Crow" besides the list of names, and that there was "a pattern of IRS conduct over the course of two years that was consistent with an agency that in fact had no intent to investigate Mr. Crow."  But this argument is unsupported.  Agent London did not forgo obtaining any other information; he had already received a 173-page document from Crow

4

describing SCCC's business and transactions. Also, Agent London had already spent many hours talking with Crow and Crow's attorney about SCCC's business, and the fact that Agent London did not ask substantive questions during those meetings does not raise a plausible inference that the IRS was not investigating Crow at all. Even taking petitioners' characterizations of conversations with Agent London to be completely accurate, these characterizations tell the story of an IRS agent getting stonewalled again and again as Crow and SCCC refused to provide the IRS agent the records he was requesting. The IRS' pattern of conduct may raise a plausible inference that the IRS was also interested in investigating SCCC's counterparties' tax liability, but that inference alone is not enough to suggest bad faith under petitioners' theory of the case.

In sum, petitioners' characterizations of the facts and circumstances do not plausibly raise an inference of improper motive; therefore, petitioners were not entitled to an evidentiary hearing in which they could cross-examine the IRS agents. *See Clarke*, 573 U.S. at 248; *see also United States v. Stuckey*, 646 F.2d 1369 (9th Cir. 1981).

**AFFIRMED.**